(No. 37525.—

THEODORE HUDDLESTON, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MAURY WEINZELBAUM DECORATING CO., Plaintiff in Error.)

*Opinion filed March 25, 1963.*

KOHLER AND GILL, of Chicago, for plaintiff in error.

BLOWITZ & OSMON, of Chicago, (LEON C. WEXLER, of counsel,) for defendant in error.

Mr. JUSTICE DAILY delivered the opinion of the court:

Theodore Huddleston, while employed as a foreman by the Maury Weinzelbaum Decorating Company was severely injured when assaulted by Howard Hall, another employee, at a job site near Chicago, and Huddleston thereafter filed a claim for benefits under the Workmen's Compensation Act. The arbitrator found that Huddleston had suffered a ten percent permanent loss of the use of his right leg and awarded him the total sum of $1643.22, but,

upon further hearing, the Industrial Commission set aside the award and dismissed the claim. The circuit court of Cook County, however, reversed the findings of the commission and reinstated the arbitrator's award. Upon petition of the employer, we have granted a writ of error to further review the matter.

The sole question presented is whether the assault and resulting injury arose out of and in the course of Huddleston's employment. According to Huddleston, who was the only witness to testify concerning the assault, some two months before the attack he and Hall had a vocal altercation concerning which should have the privilege of parking his privately owned automobile along a public curb in front of the employer's shop. On that occasion both attempted to park in the space at the same time and, after arguing about the matter for several minutes and creating a traffic disturbance, Hall moved his automobile and parked elsewhere. Huddleston thereafter avoided Hall until July 12, 1960, upon which date Huddleston was in charge of a painting crew at a job site. About 8:30 A.M. that morning, Hall and another employee arrived at the site and told Huddleston that it was too wet to work at another location to which they had been assigned. After calling his employer for permission to use these two men on this particular job, Huddleston told Hall to clean out the garage in preparation for painting. Hall attempted to argue but Huddleston left the garage and commenced painting some distance away. Hall followed him from the garage and insisted upon discussing the parking space affair which had occurred some two months before, whereupon Huddleston reminded him that  they were working at a private residence and that it was no place to argue. As Huddleston turned to resume painting, Hall struck him in the back, knocked him to the ground and then hit him in the face, resulting in back and leg injuries to Huddleston and subsequent hospitalization.

An injury may be said to arise out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury. (*Illinois Country Club, Inc.* v. *Industrial Com.* 387 Ill. 484.) However, the mere fact that the injury occurred at the place of employment is, itself, not determinative. (*Math Igler's Casino, Inc.* v. *Industrial Com.* 394 Ill. 330; *City of Chicago* v. *Industrial Com.* 292 Ill. 409.) And although injuries resulting from a quarrel concerning the employer's work may be compensable, we have consistently held that where the fight is purely personal in nature, the resulting injuries to the disputants cannot be said to have arisen out of the employment and neither party is entitled to compensation. *Fischer* v. *Industrial Com.* 408 Ill. 115; *Math Igler's Casino, Inc.* v. *Industrial Com.* 394 Ill. 330; *Edelweiss Gardens* v. *Industrial Com.* 290 Ill. 459; *Chicago Hardware Foundry Co.* v. *Industrial Com.* 393 Ill. 294.

Here it is clear the ill-feeling between Huddleston and Hall initially arose from a personal dispute having no relationship to the employer's work, and while the claimant now contends that the assault was provoked by Hall's reluctance to work, the former's testimony before the arbitrator indicated otherwise. Almost from the moment he arrived on the job site, Hall attempted to further air the prior personal dispute, even to the point of following Huddleston from the garage and repeating his arguments over and over, and when the claimant refused to reargue the prior incident he was assaulted. Although the attack occurred at the place of employment, under the circumstances it is apparent that the employment did not increase the risk, or cause the altercation, but that claimant would have been exposed to the same abuse had he met Hall upon the street.

Except where the evidence is uncontroverted, the ques-

tion as to whether or not an injury arose out of and in the course of employment is one of fact to be decided by the Industrial Commission, and such determination may be disturbed by a reviewing court only when contrary to the weight of the evidence. (*Fischer* v. *Industrial Com.* 408 Ill. 115; *Rodriguez* v. *Industrial Com.* 371 Ill. 590; *Jefferson Ice Co.* v. *Industrial Com.* 404 Ill. 290.) Even if we assume there was some proof to at least raise an inference that the assault resulted from Hall's failure to perform the work to which he was assigned, in view of the strong contrary testimony relative to the personal dispute, the evidence upon this point was certainly controverted and it thereby became the function and duty of the commission to make that decision. Since it does not appear that such determination was unsupported by the evidence, the lower court erred in reversing the findings of the commission and reinstating the arbitrator's award.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded to that court with directions to affirm the decision of the Industrial Commission.

*Reversed and remanded, with directions.*