(No. 47701.-

INTERSTATE UNITED CORPORATION, a Division of Sheraton Oak Brook Hotels, Appellee, v. THE INDUS-TRIAL COMMISSION *et al.*—(Louis Scribner, Appellant.)

*Opinion filed December 3, 1976.*

CREBS, J., took no part.

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellant.

Perz & McGuire, of Chicago (Frank M. Perz and James C. Serkland, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission affirmed an arbitrator's award of workmen's compensation to the claimant, Louis Scribner, for injuries he sustained when he was assaulted by a fellow employee. The circuit court of Cook County reversed, and the claimant has appealed.

The claimant was employed as a captain in the dining room of the Sheraton Hotel in Oak Brook, Illinois. For several months prior to January 2, 1973, there had been animosity between the claimant and another captain at the restaurant, James Renwick. Several times during that period Renwick accused the claimant and other employees of breaking the antenna off his automobile. On the evening of December 31, 1972, a customer in the dining room specifically requested that he be served by the claimant. The customer was seated in an area that was assigned neither to the claimant nor to Renwick, but to another captain, Scott. The customer in question had frequently requested that he be served by the claimant. During the evening Renwick approached the claimant at this customer's table and vilified and threatened the claimant, accusing him at one time of "running the room" and at another of breaking the aerial off his car. That evening ended without further incident.

On January 2, 1973, the claimant arrived at the hotel for work and went to the employee's locker room to change clothes. There he encountered Renwick, who angrily said something about his car antenna having been broken off again that day, pulled a revolver and fired several shots at the floor. One shot ricocheted. It hit the claimant in the right foot and produced the injury for which compensation is sought.

The question in this case is whether the Commission erred in ruling that the claimant had established the requisite causal connection between his employment and his injury. At the hearing before the arbitrator the

claimant testified that he believed Renwick shot him because of the dispute on New Year's Eve over the customer's request to be served by the claimant. This was the first time that he had told anyone of that belief, and his testimony was thoroughly impeached.

On cross-examination the claimant testified that on New Year's Eve Renwick was angry about his dislodged auto antennas. On redirect examination the claimant admitted that Renwick had said something about an automobile aerial just before firing the shots. Several other witnesses testified that shortly after the occurrence the claimant attributed the assault to Renwick's belief that the claimant had broken the aerials on his car. Police officers who arrested Renwick testified that he admitted the shooting and explained it as a response to his broken aerials.

The manifest weight of the evidence in this case is clearly contrary to the Commission's finding that the injury was work-related. Even though a fight occurs on the employer's premises, resulting injuries are not compensable if the underlying dispute is not connected with the work. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426; *Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446; *Fischer v. Industrial Com.* (1951), 408 Ill. 115; *Math Igler's Casino, Inc. v. Industrial Com.* (1946), 394 Ill. 330; *Chicago Hardware Foundry Co. v. Industrial Com.* (1946), 393 Ill. 294.

The evidence failed to establish that the claimant's injuries in the case before us were related to a risk inherent in or incidental to his duties as an employee (*Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561), and the judgment of the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.