18

JUAN LABOY, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.*—(Gold Eagle Products, Inc., Appel-
lee.)

*Opinion filed December 4, 1978.*

CLARK, J., dissenting.

Bruce B. Cole, of Chicago (Goldstein, Goldberg & Fishman, of counsel), for appellant.

Gifford, Detuno & Gifford, of Chicago (Thomas W. Gifford, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook County, which confirmed the decision of the Industrial Commission, which had affirmed an order of the arbitrator denying a claim for compensation. The arbitrator had found that the petitioner, Juan Laboy, had failed to prove that the injuries sustained arose out of a hazard peculiar to the employment.

This claim for compensation stems from an assault upon the petitioner by a fellow employee. The petitioner testified that on Saturday, August 10, 1974, he was employed by the respondent, Gold Eagle Products, Inc., and was a supervisor running a production line that boxed cans of paint or oil. On that day, Felix Pegan, a co-employee, was assigned to work on petitioner's production line. During the normal work week Pegan was also a supervisor. Petitioner testified that Pegan was angry when he came to work that morning about 8:10 a.m., and that he threw down several cans and boxes on the floor. Petitioner admonished Pegan to take it easy and Pegan called the petitioner a bastard. Petitioner further testified that following work that afternoon, while he was in the locker room cleaning up, Pegan struck him several times with a rod or pipe.

Following the assault in the locker room, petitioner signed a criminal complaint against Pegan, and at a preliminary hearing he testified as to the altercation. Pegan also testified at the preliminary hearing and stated that when he went to the locker room, petitioner came in

with a pipe and struck him and that he took the pipe away from the petitioner and struck the petitioner with it, causing the injuries for which compensation is now sought. At the hearing before the arbitrator, the respondent represented that it was unable to locate Pegan, who had returned to Puerto Rico. The arbitrator, over the objection of the petitioner, permitted the transcript of Pegan's testimony at the preliminary hearing to be introduced into evidence. The petitioner contends that Pegan's testimony at the preliminary hearing should not have been admitted into evidence before the arbitrator. We agree with this contention.

The petitioner, citing *McInturff v. Insurance Co. of North America* (1910), 248 Ill. 92, argues that it was error to admit the testimony of a witness given at a prior criminal prosecution. In *McInturff* the plaintiff, insured, brought an action to recover under his insurance policy for a loss of property by fire. The insurer sought to introduce evidence given by a witness, Blay, at the insured's criminal prosecution for the felonious burning of the building covered by the insurance policy. Blay had been killed prior to the trial of the civil action. The trial court denied the admission of this evidence and this court held that the prior testimony was not admissible, primarily because of a lack of identity of parties in the two proceedings. Relying on *People v. Jackson* (1968), 41 Ill. 2d 102, the respondent contends that the former testimony was properly admitted.

The holding in *McInturff* has been severely criticized as "a flagrant sacrifice of justice on the altar of technicalism." (McCormick, Evidence sec. 256, at 619 n.36 (2d ed. 1972). See also Comment, 6 Ill. L. Rev. 136 (1911); 5 Wigmore, Evidence sec. 1387, at 93 n.1 (Chadbourn rev. ed. 1974).) It is important to note that in *McInturff* the evidence was offered in the civil action against a party who had been the defendant in the criminal trial. As a

defendant in the criminal proceedings he would have had full opportunity to test the veracity of the testimony through cross-examination and the difference of the alignment and of the identity of the parties in the two proceedings would not have been significant. Under modern authority it would appear that evidence offered in *McInturff* should have been admitted. See 5 Wigmore, Evidence sec. 1388, at 111 (Chadbourn rev. ed. 1974); McCormick, Evidence sec. 256, at 619 (2d ed. 1972).

In the present case, however, the party against whom the evidence was offered in the civil proceedings was not the defendant in the criminal case. He was only the complaining witness and as such had no right or opportunity to cross-examine Pegan, whose testimony was offered in evidence against him in the civil action. The nature and scope of the cross-examination of Pegan in the criminal proceeding was completely within the control of the prosecution. The petitioner had no opportunity to subject Pegan's testimony to the truth-testing process of cross-examination and it therefore should not have been admitted as evidence in the proceeding before the arbitrator.

We do not find that the erroneous admission of Pegan's testimony requires a reversal and a remandment to the Industrial Commission. Pegan's testimony concerning the altercation in the locker room would have established the petitioner as the aggressor. This fact is significant only if the claimant's injuries can be said to have arisen out of the employment. "Even though the fight concerned the employer's work, claimant is not entitled to compensation for an injury sustained in the role of aggressor, as the risk of injury in a case of this character cannot be said to be incidental to the employment, but, rather, is traceable directly to the claimant's deliberate act of aggression." (*Fischer v. Industrial Com.* (1951), 408 Ill. 115, 120.) In our case it is not necessary to find that the petitioner was

the aggressor in order to defeat his claim because the evidence clearly shows that the quarrel was not related to the employment.

As noted above, petitioner testified that Pegan was angry when he came to work in the morning; that he said he was not going to do the work they told him to do; that he threw some cans and boxes on the floor and called the petitioner a bastard. This all occurred before 9:30 in the morning. The petitioner also testified that Pegan acted angry during the remainder of the day but that there was no further argument between them prior to the locker room incident.

Angelo Martinez, another employee and the only other employee working on the line that day besides the petitioner and Pegan who spoke Spanish, testified for the respondent. He stated that he was working beside Pegan and he did not remember what was said between petitioner and Pegan during the morning and he did not see Pegan throw any cans or boxes of cans on the floor. He testified that following the noon break for lunch, when they returned to work, an argument between petitioner and Pegan developed over lottery tickets and over the use of profanity by the petitioner when discussing his failure to win. Pegan told petitioner to shut up or there would be some fighting. Following an additional exchange of words, petitioner picked up a piece of pipe and swung at Pegan, whereupon Pegan jumped on the petitioner and knocked him to the floor. After the men resumed work, petitioner told Pegan that he was "going to catch it outside." The two men then threw some cans at one another and a supervisor stopped the line and the employees left. Martinez did not witness the incident in the locker room.

The testimony of the petitioner would tend to show that the argument was work related, whereas the testimony of Martinez shows that the argument which preceded the assault did not concern the employer's work,

but grew out of a purely personal matter. In cases where the evidence is conflicting, the question of whether or not the injury arose out of and in the course of the employment is one of fact to be decided by the Industrial Commission. Its determination will not be disturbed unless contrary to the manifest weight of the evidence. *Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446, 449.

The fact that an injury occurs at the place of employment is not sufficient in itself to establish that the injury arose out of the employment. There must be a further showing that the injury resulted from some hazard or risk inherent in the employment situation. (*Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561.) The burden of establishing that the assault was related to a risk inherent in or incidental to his employment duties rests on the petitioner. *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426; *Schroeter v. Industrial Com.* (1976), 62 Ill. 2d 284.

Since we have held that Pegan's testimony given at his criminal hearing is not admissible in this proceeding, the petitioner's testimony concerning the locker room altercation stands uncontroverted. That testimony, however, is relevant only to the question of who was the aggressor in the locker room. But Martinez's testimony shows that the continuing dispute during the afternoon from the time the employees returned from lunch until the supervisor stopped the operation of the line shortly before the assault in the locker room was not related in any manner to the employer's work. Although injuries resulting from a quarrel concerning the employer's work may be compensable, this court has consistently held that where the fight is purely personal in nature, the resulting injuries cannot be said to have arisen out of the employment. *Huddleston v. Industrial Com.; Math Igler's Casino, Inc. v. Industrial Com.* (1946), 394 Ill. 330; *Chicago Hardware Foundry Co. v. Industrial Com.* (1946), 393 Ill. 294.

The arbitrator found that the petitioner had failed to

prove that the injuries sustained arose out of a hazard peculiar to the employment. This finding is supported by the testimony of Martinez, which clearly shows that the assault grew out of a personal quarrel between the petitioner and Pegan, and was not related to the employer's work or the manner of its performance. We conclude that the finding of the Industrial Commission is not contrary to the manifest weight of the evidence and we therefore affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting:

I dissent. I agree that the transcript of Felix Pegan's testimony was erroneously admitted into evidence before the arbitrator, but I do not agree that, in the absence of that evidence, the arbitrator and the Industrial Commission necessarily would have found "that the quarrel was not related to the employment." (74 Ill. 2d at 23.) Accordingly, I would vacate the judgment and order below and remand the cause to the Industrial Commission with directions to grant the petitioner a new hearing on this question.

While I agree that a fight which is purely personal in nature is not work related (*e.g., Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446, 449), I do not agree that the Industrial Commission necessarily would have found this fight to have been purely personal. The fight at issue here occurred in a factory locker room, between a supervisor of one of the factory's production lines, and one of the employees under his supervision. While the parties to and location of a fight are not dispositive of its "work relatedness," the Industrial Commission would take notice of the tensions inherent in the relationship between an industrial foreman and one of the employees under his supervision. Given petitioner's testimony that the fight

arose out of a production-line dispute, the Industrial Commission would have found that, while not the sole cause, the assembly-line dispute was a sufficiently contributing factor to render compensable the injuries in question. See generally *Converters, Inc. v. Industrial Com.* (1975), 61 Ill. 2d 218, 223-24 (finding of work relatedness not against the manifest weight of the evidence). *Cf. Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446, 448 (contrary finding not against the manifest weight of the evidence).

Here petitioner testified that the dispute arose over Felix Pegan's conduct on the production line. I think that petitioner's testimony established at least as strong a connection between his employment and the fight as the connection this court has found to exist between a Christmas party and employment (*Mid Central Tool Co. v. Industrial Com.* (1978), 72 Ill. 2d 569), and between a golf outing and employment (*Lybrand, Ross Bros. & Montgomery v. Industrial Com.* (1967), 36 Ill. 2d 410).

Nor can I agree that the harm caused by the erroneous admission of Pegan's former testimony was limited to the question of who started the fight. Rather, the record clearly demonstrates that Pegan testified not only that petitioner started the fight, but also that it first broke out on the assembly line, not the locker room, and that petitioner had expressed personal animosity toward him on the assembly line. This testimony therefore could have seriously undercut petitioner's credibility, and particularly so with regard to his theory of the motive for the fight. I therefore would direct that petitioner be given a new hearing on this question, untainted by the erroneously admitted transcript.