(No. 56134.—

DALE JONES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Hiram Walker & Sons, Inc., Appellee).

*Opinion filed January 24, 1983.*

Warren E. Danz, P.C., of Peoria, for appellant.

Raymond C. Williams, of Goldsworthy & Fifield, of Peoria, for appellee.

JUSTICE MORAN delivered the opinion of the court:

Dale Jones, petitioner, sought workmen's compensation for an injury to his left eye. The arbitrator found that petitioner's injury resulted from an assault and not from an accidental injury arising out of and in the course of his employment. The Industrial Commission affirmed, and the circuit court of Peoria County confirmed the Commission's decision. Here petitioner contends the finding that an assault occurred is against the manifest weight of the evidence.

Respondent, Hiram Walker and Sons, Inc., employed petitioner as a power truck driver on its loading dock. On June 28, 1978, petitioner was involved in an incident with a co-worker, Milo Draggist, which resulted in his injury. Both he and Draggist testified before the arbitrator.

Petitioner testified that he took a bag of snack chips from a desk while walking to respondent's cafeteria for lunch and that someone told him Draggist was looking for them. He said he took the bag to Draggist, handed it to him, and, as he turned to leave, was accidentally struck in the left eye by Draggist.

Draggist testified he was ready to take his lunch break when he noticed his bag of chips was missing. He said he

thought someone was playing a trick on him, but then saw petitioner walking toward him with the bag of chips in his hand. Draggist stated he took the bag, pointed at petitioner, and warned him never to touch his lunch again or he would knock his head off his shoulders. Draggist further testified that, as petitioner turned away, he thought petitioner was going to swing at him. Draggist said he then turned to grab petitioner's arm, slipped, and caught him in the left eye.

Petitioner was treated by a physician for the injury and was off work from June 28 to August 15, 1978. Both he and Draggist testified they had worked together in the past and there had never been any prior incidents or tension between them.

Petitioner bears the evidentiary burden of establishing that his injury arose out of and in the course of employment. (*Schroeter v. Industrial Com.* (1976), 62 Ill. 2d 284, 286.) The Industrial Commission found petitioner had not met this burden. Rather, it inferred from the facts that petitioner's injury resulted from an assault precipitated by a dispute over a co-worker's lunch and that this had nothing to do with the employment.

It is well established that this court will not disregard reasonable inferences drawn by the Commission from the established evidence merely because other inferences might be drawn. (*Sears, Roebuck & Co. v. Industrial Com.* (1979), 78 Ill. 2d 231.) It is the Commission's function to resolve conflicting inferences, and its decision should not be disturbed unless it is against the manifest weight of the evidence. *Greene v. Industrial Com.* (1981), 87 Ill. 2d 1.

Petitioner maintains the Commission's inference is against the manifest weight of the evidence because both he and Draggist testified the injury was accidental. While there is some testimony that Draggist's hand slipped, it is undisputed that Draggist warned, threatened, grabbed at,

and struck the petitioner. In these circumstances, we cannot say that the Industrial Commission's finding that the injury resulted from a purely personal dispute is against the manifest weight of the evidence. Accordingly, we affirm the judgment of the circuit court.

*Judgment affirmed.*