MARIA T. CASTANEDA, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Congress Linen Supply,
Appellee).

*Opinion filed September 23, 1983.*

McCoy & Morris, of Chicago (Jeffrey M. Morris and Gilbert C. Schumm, of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Richard Sawislak, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Maria T. Castaneda, sought benefits under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries sustained to her left ring finger during a physical altercation with two co-workers. The Industrial Commission reversed its arbitrator's award, finding that claimant had failed to prove that her injuries arose out of and in the course of her employment with respondent, Congress Linen Supply. The circuit court of Cook County confirmed the Commission, and claimant now brings this direct appeal pursuant to our Rule 302(a)(2) (87 Ill. 2d R. 302(a)(2)), urging

that the Commission's decision is against the manifest weight of the evidence.

Claimant testified at the arbitration hearing, through an interpreter, that she had been employed by respondent for approximately six years on August 29, 1979. On that morning, as she was talking to a co-worker while performing her customary duties of folding aprons, a co-worker, Gracelia Perez, told her to shut up. Claimant responded that she would not shut up or be quiet, at which point Gracelia slapped her in the face. Claimant then threw a package of tablecloths at Gracelia, and the two women began fighting. Shortly thereafter, Gracelia's sister, Gloria Loera, with whom claimant had quarreled the day before, joined her sister, and together they assaulted claimant and stepped on her finger. Two mechanics intervened and broke up the fight, and claimant was later treated for a serious finger injury.

The only other relevant testimony was that of Alberto Amato Trejo, cousin to Gracelia and Gloria, who testified on behalf of respondent. Alberto testified, also through an interpreter, that it was he and claimant who exchanged words, the nature of which are not entirely clear from the record, although it appears that claimant was insulting him and commenting on his problems. After claimant apparently characterized Alberto and his family with a vulgar expression, Gracelia responded with words and a clenched fist. Claimant told Gracelia that she would not shut up, threw the tablecloths, and the fight ensued.

The Industrial Commission found that neither account of the incident would sustain a finding that claimant's injuries arose out of and in the course of her employment. Alberto's version established that claimant was the aggressor, which, as the Commission noted, would preclude an award of compensation. (*E.g., Ford Motor Co. v. Industrial Com.* (1980), 78 Ill. 2d 260, 262-63.) Similarly,

the Commission found that claimant's version established simply that her injuries arose from a purely personal dispute and did not, therefore, arise out of and in the course of her employment. (*E.g., Laboy v. Industrial Com.* (1978), 74 Ill. 2d 18, 24.) The Commission rejected her contention that the August 29 dispute originated the previous day with Gloria when the two had an argument concerning claimant's time card which Gloria had apparently altered. The Commission found, however, no evidence connecting the two incidents.

Claimant argues here that there was sufficient evidence in the record from which the Commission could find that the two arguments were connected since she testified that she was talking to a co-worker on August 29 "about what had happened the day before" when Gracelia told her to shut up and assaulted her. Even if we were to assume that the August 28 argument between claimant and Gloria was work related, we must, under the circumstances here, sustain the Commission's finding that claimant's injuries on August 29 were the result of a purely personal dispute in view of the finding that no connection existed between those injuries and the August 28 episode.

It is claimant's burden to establish that her injuries arose out of and in the course of her employment (*Jones v. Industrial Com.* (1983), 93 Ill. 2d 524, 526; *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430), and it is axiomatic that this court will not disregard or reject permissible inferences drawn by the Commission merely because other inferences might be drawn, nor will we substitute our judgment for that of the Commission unless its findings are against the manifest weight of the evidence. (*Greene v. Industrial Com.* (1981), 87 Ill. 2d 1, 5; *Schroeter v. Industrial Com.* (1976), 62 Ill. 2d 284, 287.) The fact that the injury occurs at the place of employment is not sufficient in itself to prove that the in-

jury arose out of the employment: "An injury may be said to arise out of the employment 'when, upon consideration of all of the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is to be performed and the resulting injury.' " (*Pazara v. Industrial Com.* (1980), 81 Ill. 2d 76, 83, quoting *Brewster Motor Co. v. Industrial Com.* (1967), 36 Ill. 2d 443, 449.) Where a physical confrontation is purely personal in nature, the resulting injuries cannot be said to have arisen out of the employment. *Laboy v. Industrial Com.* (1978), 74 Ill. 2d 18, 24; *Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446, 448.

The Commission's conclusion here that claimant's injuries resulted from a purely personal dispute cannot be said to be against the manifest weight of the evidence. It is apparent, based upon the reasonable inferences drawn by the Commission from the record, that the physical altercation on August 29 was the result of a purely personal dispute precipitated by a verbal exchange which was completely unrelated to the employer's work. We note, too, that no argument is made that there existed a risk of assault inherent in or incidental to the performance of claimant's employment duties (see, *e.g., Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 431; *Huddleston v. Industrial Com.* (1963), 27 Ill. 2d 446, 448), or that the assault was motivated by the type of ethnic differences this court deemed sufficient in *Rodriguez v. Industrial Com.* (1983), 95 Ill. 2d 166.

The circuit court's judgment affirming the Commission's decision is accordingly affirmed.

*Judgment affirmed.*