IMPERIAL BONDWARE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Anthony L. Coleman, Appellee).

Fifth District (Industrial Commission Division)   No. 5—94—0693WC

Opinion filed June 29, 1995.—Rehearing denied August 14, 1995.

Henry P. Beckman, of Chicago, and Law Offices of John E. Mitchell, of Peoria, for appellant.

Charles N. Edmiston, of Kanoski & Associates, of Rushville, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Anthony L. Coleman (claimant) filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)), alleging that he sustained an accidental injury on February 12, 1992, arising out of and in the course of his employment with Imperial Bondware (employer). The arbitrator found in favor of the claimant and awarded him 35 weeks of temporary total disability (TTD) at the rate of $254.99 per week and $10,287.80 for reasonable and necessary medical expenses. The Industrial Commission (Commission) affirmed, and on administrative review, the circuit court concluded that although it may have drawn different inferences from the evidence, the Commission's decision was not against the manifest weight of the evidence.

The issue we address on appeal is whether the Commission's decision that the claimant sustained an accidental injury arising out of and in the course of his employment is against the manifest weight of the evidence. For the reasons which follow, we reverse.

The claimant testified that he was employed in plant production as a forklift driver for the employer. On February 12, 1992, at around 1:30 or 2 a.m. he injured his back when he lifted a 30-pound case overhead and then twisted to place it on the floor. When the claimant bent over, he felt a sharp pain in his back. The case was approximately 33 pounds in weight, about $1^{1}/_{2}$ feet tall, and a foot wide. The claimant maintained that he had never previously experienced that kind of back pain. When the incident occurred, the claimant paused for a moment to let the pain subside and then returned to his regular duties, noticing only a little stiffness in his back. He continued working for the remainder of his shift but did not report the incident.

The claimant went home that morning and went to sleep until 1 or 2 p.m. The claimant testified that when he tried to get out of bed he fell to the floor because of the severity of the pain when he tried to move. Because the claimant was unable to get up from the floor, his wife called their neighbor Steve Wade, who helped the claimant back to bed. Wade testified at the arbitration hearing that he was called to the claimant's house on the afternoon of February 13, 1992, to assist him back to bed and that the claimant was in severe pain at that time. The claimant was scheduled off from work the next two days. During that time the pain did not subside, and he treated himself with nonprescription medication. On February 15, 1992, the claimant went to his family physician, Dr. Dycoco. He reported that he hurt his back at home. The claimant testified that he did not tell Dr. Dycoco that he had injured his back at work because he was afraid that his failure to report the accident when it initially happened could cause him to lose his job, according to his understanding of company policy. The claimant was given an "off-work" slip by Dr. Dycoco, which he took to his supervisor. At that time he reported that he had injured his back at work. The claimant testified that prior to this, he had only told his wife and a friend that his injury occurred at work. When the claimant saw Dr. Dycoco on February 17 he told the doctor that he had injured his back at work.

The claimant sought medical treatment for his back injury and was subsequently referred to Dr. James J. Harms, who performed a discectomy and fusion in the lower back on April 2 or 3, 1992. Following surgery, Dr. Harms released the claimant to return to modified work. The claimant brought the work release to the employer sometime around the 4th or 5th of August. However, the employer informed the claimant that there were no positions available within the restrictions of his work release, and the claimant was terminated on August 10, 1992.

When the claimant initially saw Dr. Harms and provided him with a medical history, he denied having any prior back problems. However, at the arbitration hearing, the claimant acknowledged on cross-examination that he was seen by the Pana Medical Group for a back problem on November 5, 1991.

The employer contends that the Commission's decision that the claimant's injury was work-related is against the manifest weight of the evidence because it was based on facts not in evidence. In *Dexheimer v. Industrial Comm'n* (1990), 202 Ill. App. 3d 437, 442-43, 559 N.E.2d 1034, the court stated:

> "It is the province of the Commission to weigh and resolve conflicts in testimony, including medical testimony, and to choose among conflicting inferences therefrom. [Citations.] It is only when the decision of the Commission is without substantial foundation in the evidence or its finding is manifestly against the weight of the evidence that the findings of the Commission should be set aside."

(See also *O'Dette v. Industrial Comm'n* (1980), 79 Ill. 2d 249, 253, 403 N.E.2d 221.) "A reviewing court cannot reject or disregard permissible inferences drawn by the Commission because different or conflicting inferences may also be drawn from the same facts nor can it substitute its judgment for that of the Commission unless the Commission's findings are against the manifest weight of the evidence." (*Martin v. Industrial Comm'n* (1992), 227 Ill. App. 3d 217, 219, 591 N.E.2d 108, 109.) It has been observed: " 'The manifest weight of the evidence is that which is "the clearly evident, plain and indisputable weight of the evidence." [Citations.] In order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent.' " (*Drogos v. Village of Bensenville* (1981), 100 Ill. App. 3d 48, 54, 426 N.E.2d 1276, 1281.) Finally, "[i]f the undisputed facts permit an inference either way *** then the Commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review." *Morgan Cab Co. v. Industrial Comm'n* (1975), 60 Ill. 2d 92, 97, 324 N.E.2d 425, 428.

In the instant case, the Commission adopted the arbitrator's decision that the claimant's injury was work-related. However, review of the evidence indicates that her decision was primarily based on several facts which were either incorrect or not found within the four corners of the record. The arbitrator first noted that the testimony of Steve Wade was credible and that it corroborated the claimant's testimony that his injury occurred at work. However, according to the record, Wade did not testify that the claimant told him that he

hurt his back at work. The arbitrator also stated that Wade testified to having seen the claimant in severe pain before he could have injured himself at home. However, Wade's testimony only supports the fact that he found the claimant on the floor in severe pain at around 2 p.m. in the afternoon on February 13. The arbitrator also stated that when the claimant presented the employer with the statement of work restrictions in August 1992, the employer called the claimant back several days later and terminated his employment alleging that the claimant's report of the injury at work was not accurate. However, there is nothing in the record to support this finding. Furthermore, it was the claimant's testimony that he was terminated from work because there were no positions available within his medical restrictions. The arbitrator further stated that she observed the claimant and Steve Wade while testifying on direct and cross-examination. According to the record, however, it was only the claimant who testified on cross-examination.

The arbitrator noted that her determination of this claim was based on her finding as to the claimant's credibility and that of his witness. However, we find to the contrary that the claimant's credibility was greatly diminished by the fact that he initially reported to his treating physician that he was injured at home. Although he subsequently reported that his injury was work-related, his explanation for not giving this information in the first place, that being that he was afraid of being fired for making a tardy report of the accident, was unsupported by any evidence. Moreover, the claimant offered no explanation as to why he believed he would be fired on February 12 but apparently did not believe he would be fired on February 15 when he made the late report to his supervisor.

We also note that the claimant's testimony on cross-examination was impeached when he first stated that he had no back problems prior to the accident on February 12 but then acknowledged that he had been seen for a back problem on November 5, 1991. Although the arbitrator found the claimant's witness, Steve Wade, to be credible, Wade only stated that when he was called to the house, the claimant was in pain. His testimony did not touch on how, where, or when the claimant was injured or why he was in pain.

The claimant has the burden of proving that his injury arose out of employment, and it is the responsibility of this court on review to examine the record and determine whether the finding of the Commission is supported by the evidence. (*County of Cook v. Industrial Comm'n* (1977), 68 Ill. 2d 24, 30, 368 N.E.2d 1292.) While we are reluctant to disturb an award of the Commission that has been confirmed on judicial review, we cannot abdicate that responsibility.

(*Hannibal, Inc. v. Industrial Comm'n* (1967), 38 Ill. 2d 473, 478, 231 N.E.2d 409.) Therefore, if the finding of the Commission that the claimant's injury was work-related is not supported by the evidence, the award must be set aside. *County of Cook,* 68 Ill. 2d at 30.

In the case *sub judice,* when we consider the claimant's less-than-convincing testimony, along with the fact that the arbitrator based her decision on facts which were incorrect or not in the record, we conclude that the Commission's decision affirming and adopting that of the arbitrator was against the manifest weight of the evidence. Therefore, the judgment of the circuit court confirming the decision of the Commission is reversed.

Reversed.

McCULLOUGH, P.J., and COLWELL, HOLDRIDGE, and RAR-ICK, JJ., concur.