SECOND DIVISION
March 27, 2007

No. 1-06-2346

| | | |
|---|---|---|
| MARIA MARTINEZ, as Special Administrator of the Estate of Miguel Pena, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| GUTMANN LEATHER, LLC, | ) ) ) | Honorable Donald J. Suriano, Judge Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Maria Martinez, as special administrator of the estate of Miguel Pena, appeals from an order of the circuit court of Cook County which granted defendant Gutmann Leather, LLC's motion to dismiss her cause of action under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2004)).

The following facts are relevant and contained in the pleadings and supporting documents: Miguel Pena was shot to death on July 2, 2004, shortly after he completed a 13-hour shift at Gutmann Leather, where he was employed as a setting machine operator. He was allegedly killed by a fellow employee, Ramon Hernandez, on property that was managed and controlled by defendant. Hernandez was still "on the clock" at the time of the shooting, and only defendant's employees or individuals invited onto the premises were permitted within the fenced area where Pena was killed.

On August 16, 2005, plaintiff filed suit against defendant under the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 2004)). She alleged in her first amended complaint that prior to the shooting, defendant knew that Hernandez displayed violent tendencies, had pulled a knife on a coworker, and threatened to kill Pena; despite that knowledge, defendant continued to employ Hernandez, scheduled the two men to work overlapping shifts, and failed to take measures to protect Pena. Plaintiff alleged that defendant's failure to take any protective action despite its knowledge that Hernandez posed a substantial threat resulted in Pena's death.

Plaintiff attached her affidavit in which she referred to Pena as her husband and attested that she had lived with him prior to his death and had personal knowledge of the dispute between him and Hernandez. Plaintiff attested that the relationship between the two men had been deteriorating for a long time prior to the shooting and had grown into one of "extremely bitter enmity." The men "hated each other," and from her observation, Hernandez was the "primary precipitator of this enmity." For a year or so before the fatal shooting, Hernandez would come over to the home she shared with Pena, and on some of these visits Pena would not be at home. Hernandez would tell her that he was looking for Pena and threatened to cause him harm. Plaintiff further attested, in relevant part:

> "The week before [the murder] Miguel remained home
> from work for two or three days because Ramon had been
> threatening him and Miguel was extremely fearful that Ramon
> would attempt to cause harm to him. On the day [of his death]
> Miguel decided that he could no longer remain away from work

and despite his concern that Ramon would confront him and despite my attempts to keep him from going to work because I was afraid that he would be harmed he was determined to go back to work. The quarrel that Ramon had during this time with my husband was purely personal. It had nothing to do with Miguel Pena's employment at Gutmann Leather. I know this because I overheard several conversations between Ramon and Miguel where Ramon was threatening him. These quarrels and the threats related solely to the fact that Ramon did not like Miguel for personal reasons unrelated to work."

Defendant moved to dismiss the first amended complaint under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2004)) on the grounds that it was barred by the exclusivity provision of the Workers' Compensation Act (Act) (820 ILCS 305/5(a) (West 2004)). The trial court agreed and dismissed the complaint with prejudice.

The sole issue on appeal is whether the exclusivity provision of the Act barred plaintiff's wrongful death action requiring the dismissal of her complaint. Plaintiff contends the dispute between Pena and Hernandez arose from a personal dispute, and, therefore, her tort action was not barred under section 5(a) of the Act. Defendant responds that the trial court properly dismissed the complaint as there was a causal link between Pena's death and his employment because in order for him to fulfill his duties at Gutmann Leather, he had to work with Hernandez.

This appeal comes to us following the trial court's decision to grant defendant's section

1-06-2346

2-619(a)(9) motion to dismiss. A section 2-619 motion is similar to a motion for summary judgment and allows for the dismissal of a complaint on the basis of issues of law or easily proven facts. Carroll v. Paddock, 199 Ill. 2d 16, 22 (2002). "Under section 2-619, the defendant admits to all well-pled facts in the complaint, as well as any reasonable inferences which may be drawn from those facts [citation], but asks the court to conclude that there is no set of facts which would entitle the plaintiff to recover." Advocate Health & Hospitals Corp. v. Bank One, NA, 348 Ill. App. 3d 755, 759 (2004). We apply *de novo* review to the dismissal of a complaint under section 2-619. Carroll, 199 Ill. 2d at 22.

Section 5(a) of the Act provides, in relevant part:

"No common law or statutory right to recover damages from the employer, his insurer, his broker *** or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available ***."

820 ILCS 305/5(a) (West 2004).

The claimant has the burden to establish that injuries arose out of and in the course of employment in order to be compensable under the Act. Castaneda v. Industrial Comm'n, 97 Ill. 2d 338, 341 (1983). " 'While the phrase "in the course of employment" relates to the time, place and circumstances of the injury, the phrase "arising out of the employment" refers to the requisite causal connection between the injury and the employment.' " Technical Tape Corp. v. Industrial Comm'n, 58 Ill. 2d 226, 230 (1974), quoting Associated Vendors, Inc. v. Industrial Comm'n, 45

- 4 -

Ill. 2d 203, 205 (1970), quoting Christian v. Chicago & Illinois Midland Ry. Co., 412 Ill. 171, 174-75 (1952). " 'An injury may be said to arise out of the employment "when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is to be performed and the resulting injury." ' " Castaneda, 97 Ill. 2d at 342, quoting Pazara v. Industrial Comm'n, 81 Ill. 2d 76, 83 (1980), quoting Brewster Motor Co. v. Industrial Comm'n, 36 Ill. 2d 443, 449 (1967). "Where a physical confrontation is purely personal in nature, the resulting injuries cannot be said to have arisen out of the employment." Castaneda, 97 Ill. 2d at 342. A complaint should not be dismissed under section 2-619 because it is barred under the exclusive remedy provision of the Act unless it appears that no set of facts under the pleadings can be proved which would allow the plaintiff to recover. Incandela v. Giannini, 250 Ill. App. 3d 23, 26 (1993). Where there are disputed issues of fact, however, an evidentiary hearing must be conducted. Incandela, 250 Ill. App. 3d at 26.

In Castaneda, relied upon by plaintiff, the claimant sought benefits under the Act for injuries she sustained after she was involved in a physical altercation with two coworkers who were sisters. Castaneda, 97 Ill. 2d at 339-40. The claimant had been talking to another coworker and performing her customary work duties when one of the sisters told her to "shut up." Castaneda, 97 Ill. 2d at 340. She refused and the woman slapped her in the face. Castaneda, 97 Ill. 2d at 340. The claimant threw a package of tablecloths at the woman, and the two began fighting. Castaneda, 97 Ill. 2d at 340. Thereafter, the coworker and her sister, with whom the claimant had previously quarreled, joined together and assaulted the claimant and stepped on her finger, which resulted in a serious injury. Castaneda, 97 Ill. 2d at 340. The Industrial

Commission found that neither account provided of the incident would sustain a finding that the injuries arose out of and in the course of employment. Castaneda, 97 Ill. 2d at 340. The Commission found that the claimant's own version established that her injuries arose from a purely personal dispute and rejected her contention that it was connected to a dispute from the previous day when one of the sisters allegedly altered her timecard. Castaneda, 97 Ill. 2d at 340-41. The supreme court concluded that the Commission's findings that the claimant's injuries resulted from a purely personal dispute precipitated by a verbal exchange that was unrelated to the employer's work was not against the manifest weight of the evidence. Castaneda, 97 Ill. 2d at 342.

In Huddleston v. Industrial Comm'n, 27 Ill. 2d 446, 448 (1963), the claimant had an argument with a coworker about who should be allowed to park his privately owned car along a public curb in front of the employer's business. A couple of months later, the coworker attempted to reargue the issue at a jobsite after the claimant instructed him about some work he should do. Huddleston, 27 Ill. 2d at 448. The claimant was injured after he refused to reargue the issue and was physically assaulted by the coworker. Huddleston, 27 Ill. 2d at 448. The supreme court affirmed the Industrial Commission's finding that the Workers' Compensation Act did not cover the injury he sustained because the assault arose from a purely personal dispute with no relationship to the employer's work. Huddleston, 27 Ill. 2d at 448. The supreme court concluded that "[a]lthough the attack occurred at the place of employment, under the circumstances it is apparent that the employment did not increase the risk, or cause the altercation, but the claimant would have been exposed to the same abuse had he met [the coworker] upon the street."

1-06-2346

Huddleston, 27 Ill. 2d at 448.

In Interstate United Corp. v. Industrial Comm'n, 65 Ill. 2d 434 (1976), the claimant was employed as a captain in the dining room of a hotel, and there had been animosity between himself and another captain at the restaurant. Interstate United Corp., 65 Ill. 2d at 435. The coworker accused the claimant and other employees of breaking the antenna off his car. Interstate United Corp., 65 Ill. 2d at 435. On another occasion, the coworker had threatened the claimant at a customer's table and accused him of "running the dining room." Interstate United Corp., 65 Ill. 2d at 435. A few days later, the coworker became angry at the claimant in the employee's locker room and pulled a gun and fired several shots at the floor, one of which ricocheted and hit the claimant in the foot which produced the injury for which he sought compensation. Interstate United Corp., 65 Ill. 2d at 435. The Industrial Commission affirmed an arbitrator's award of workmen's compensation for the injuries the claimant sustained. Interstate United Corp., 65 Ill. 2d at 435. The supreme court affirmed the circuit court's reversal after concluding that the manifest weight of the evidence was clearly contrary to the Commission's finding that the injury was work-related. Interstate United Corp., 65 Ill. 2d at 436.

Turning to the case at hand, we find the trial court erred in concluding there was no set of facts which would allow plaintiff to recover. Plaintiff attested that she lived with Pena prior to his death and had personal knowledge of the quarrel between him and Hernandez. She attested that the relationship had been deteriorating for some time and had nothing to do with Pena's employment at Gutmann Leather. She further attested that over a period of at least a year prior to the incident, Hernandez had come to her home looking for Pena and threatened to cause him

- 7 -

harm. We note that at the hearing on defendant's motion to dismiss, plaintiff represented that Hernandez could not be deposed by the parties because his criminal case was still pending.

Based upon the guidance from our supreme court in the above cases, and viewing the pleadings in the light most favorable to plaintiff, we find it cannot be said, as a matter of law, that the dispute which ended in Pena's death arose out of and in the course of his employment at Gutmann Leather. As our supreme court has explained, "[e]ven though a fight occurs on the employee's premises, resulting injuries are not compensable if the underlying dispute is not connected with the work." Interstate United Corp., 65 Ill. 2d at 436. Accordingly, we reverse the circuit court's order dismissing plaintiff's first amended complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WOLFSON, P.J., and HALL, J., concur.