(No. 54149.—

JEANNE GREENE, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.*(Orkin Exterminating, Inc., Appel-
lee).

*Opinion filed November 13, 1981.*

Ralph E. Madsen and Charles W. Clark, of Madsen & Clark, Associates, of Crystal Lake, for appellant.

Thomas Feehan, of Thomas, Wallace, Feehan & Baron, Ltd., of Joliet, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Jeanne Greene, petitioner, sought a workmen's compensation award for the death of her husband. An arbitrator for the Industrial Commission found that the petitioner failed to prove that the injuries sustained by the decedent arose out of the employment. The claim for compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) was denied. The Industrial Commission affirmed the arbitrator's decision, and the circuit court of Kane County confirmed the decision of the Industrial Commission. The claimant has appealed directly to this court. 73 Ill. 2d R. 302(a)(2).

Between the hours of 4:30 a.m. and 7:30 a.m. on March 3, 1978, James Greene was assaulted and killed in the parking lot of the respondent employer, Orkin Exterminating, Inc. (Orkin), where he was employed as a service technician.

Mrs. Jeanne Greene customarily drove her husband to work. They arrived at the Orkin plant on the morning of March 3 at approximately 4:30 a.m. After leaving Greene at the Orkin plant, she proceeded to a restaurant where she worked as a cook. The decedent failed to make his usual stop between 4:50 a.m. and 5:30 a.m. at his wife's place of employment.

The service manager of Orkin was the first to discover

the decedent's body at about 7:30 a.m. Greene had been stabbed 21 times in both the front and back. The body was lying in the snow close to the decedent's service vehicle. The vehicle was prepared for service: all of the necessary equipment and chemicals had been loaded inside the truck. The engine was running and the lights were on.

The interior of the truck had not been disturbed. Nothing was missing from the decedent's person. Nothing had been taken from the Orkin building. There was no indication of any forced entry into the building.

The Orkin plant is located in a combination residential, commercial and light-industry area in Aurora. Prior to Greene's death, two ladders had been stolen from the general vicinity of the parking lot (October 1977) and a battery had been taken from a vehicle in the parking lot (December 1977). There is no record of any previous attempted break-ins to the Orkin plant in the past 10 years.

The service manager, John Overstreet, testified that on rare occasions the decedent would collect up to a maximum of $50, which would be turned in at the end of the day. Greene did not usually carry money to make change for those customers who paid cash.

The identity of the decedent's assailant is unknown.

The principal issue before us is whether the Industrial Commission's conclusion that the decedent's death did not arise out of his employment with Orkin was against the manifest weight of the evidence. An injury which "arises out of" a person's employment may be defined as one which has its origin in some risk connected with, or incidental to, the employment so that there is a causal connection between the employment and the injury. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272.) If the injury results from a hazard to which the employee would have been equally exposed apart from the employment, then it does not arise out of it. *State House Inn v. Industrial Com.* (1965), 32 Ill. 2d 160.

The petitioner incorrectly relies on *Material Service*

*Corp. v. Industrial Com.* (1973), 53 Ill. 2d 429, suggesting that the arising-out-of question is one of law which may be reconsidered without deference to the Commission's decision. In *Material Service Corp.*, an employee drowned in a waterway adjacent to her employer's parking lot. The lot sloped slightly downward toward an unprotected waterway, not separated by either barricades or guard rails, creating a hazardous situation. The employee's automobile had plunged into the waterway. The court found that the undisputed circumstantial evidence could not give rise to permissible conflicting inferences on the issue of causation. Here there exist a number of inferences not improbable, unlikely or remote which can be drawn from the circumstantial evidence. The facts give rise to reasonable conflicting inferences. This court may not discard a permissible inference drawn by the Industrial Commission because it might draw another inference from the established evidence. (*Sears, Roebuck & Co. v. Industrial Com.* (1979), 78 Ill. 2d 231, 234.) Here the decedent's death is susceptible to the inference that it resulted from a purely personal risk, from a risk common to the public at large, or from a risk incidental to the decedent's employment. These permissible conflicting inferences present a mixed question of law and fact, and the resolution of such a question should not be disturbed unless it is against the manifest weight of the evidence. *Brewster Motor Co. v. Industrial Com.* (1967), 36 Ill. 2d 443.

It is uncontested that Greene was "in the course of" his employment when he arrived at Orkin and began to prepare for his daily work routine. But the fact that an injury is incurred in the course of and occurs at the place of employment is not sufficient to establish that the injury "arose out of" employment. (*Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561, 563.) The burden of showing further that the assault was related to a risk inherent in or incidental to the decedent's employment duties rests on the petitioner.

(*Laboy v. Industrial Com.* (1978), 74 Ill. 2d 18; *Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426.) The petitioner has not met the evidentiary burden of establishing that the decedent's death "arose out of" his employment.

It is true that an injury resulting from an attack where reasons are not set forth in the record will not necessarily preclude recovery. (*Health & Hospitals Governing Com. v. Industrial Com.* (1975), 62 Ill. 2d 28.) However, it is equally true that such an observation "should not be construed as permitting an award in every instance where the record fails to unambiguously demonstrate that the motive for the assault was based on personal reasons." (*Schroeter v. Industrial Com.* (1976), 62 Ill. 2d 284, 287.) It is the Commission's function to consider the propriety of the award, and we will not substitute our judgment for that of the Commission unless its findings are contrary to the manifest weight of the evidence. *Eagle Discount Supermarket v. Industrial Com.* (1980), 82 Ill. 2d 331, 337.

On March 3, 1978, the premises of Orkin remained virtually untouched. The decedent's personal belongings were intact, and nothing was missing from his service vehicle. The unidentified assailant stabbed Greene 21 times. Such a brutal killing would not appear to be necessary to effectuate any possible theft from either the Orkin plant or the decedent's person. We cannot say that the Industrial Commission's finding that the petitioner failed to prove that the injuries sustained by the decedent "arose out of" the victim's employment was contrary to the manifest weight of the evidence. Accordingly, we affirm the judgment of the circuit court of Kane County.

*Judgment affirmed.*