(No. 56845.—

ROGER SCHULTHEIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Johnson Outboards, Appellee).

*Opinion filed May 27, 1983.*

Harvey Melinger, of Chicago, for appellant.

Gifford, Detuno, and Gifford, Ltd., of Chicago (Alan V. Hanson, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

Petitioner, Roger Schultheis, filed a claim for workers' compensation for injuries he sustained during an assault. An arbitrator for the Industrial Commission found that the petitioner failed to prove that the injuries he had received arose out of and in the course of his employment and denied petitioner's claim. On review the Industrial Commission affirmed the arbitrator's decision, and the circuit court of Lake County confirmed the decision of the Industrial Commission. The claimant has appealed directly to this court (73 Ill. 2d R. 302(a)(2)), asserting that the Commission's decision is against the manifest weight of the evidence.

The only witness to testify at both the arbitration hearing and on review before the Commission was the petitioner. Schultheis, a jeep driver for Johnson Outboards, testified that on March 12, 1979, he was assaulted during working hours. He testified on that date he had a disagreement with one of the company's supervisors. After their argument, petitioner sought the intervention of a shop steward. The shop steward and the petitioner then went to speak to the supervisor. During a discussion among the three men, an argument ensued between the shop steward and the supervisor. Thereafter, the shop steward and Schultheis went to the union office which was located in a trailer on the company premises, adjacent to the company plant, to discuss the dispute with a union representative. The union is known as the Independent Mariners Association, and the petitioner testified that he is a member.

Schultheis testified that, as he entered the conference room of the trailer, the president of the union, Kenny McDonald, jumped up, grabbed him, and pinned him up against the wall while yelling obscenities. Petitioner testified that he had not said anything to McDonald as he entered the trailer. In fact, Schultheis stated, he did not even get a chance to say hello before McDonald grabbed him. At the hearing before the arbitrator, the petitioner testified that he did not know the reason why McDonald had hit him.

Following the incident in the trailer, Schultheis requested permission to leave the company premises. He went to his attorney's office in Chicago. After discussing the incident with his attorney, Schultheis testified, he went to Victory Memorial Hospital in Waukegan and received treatment for his injuries.

On February 22, 1980, after hearing the testimony of the petitioner as to the events of March 12, 1979, the arbitrator found that the petitioner had failed to prove

that his injuries arose out of and in the course of his employment and denied petitioner's claim.

On review before the Commission, the petitioner was again the sole witness to testify. He stated that he had obtained additional evidence regarding his assault since the time of the arbitration hearing. He testified that, approximately one month after the hearing on arbitration, he had spoken to McDonald. According to the petitioner, during this conversation he asked McDonald the reason why he (McDonald) had assaulted him. Petitioner testified that McDonald responded by accusing him of being instrumental in causing an audit of the union books. Apparently the audit had been done in response to a claim that there was a shortage of union funds.

Counsel for respondent strongly objected to petitioner's testimony regarding the conversation he had with McDonald on the grounds that it was hearsay. Counsel argued that petitioner could not testify as to why McDonald accosted him, that only McDonald could properly testify to the reason he assaulted petitioner. The evidence was admitted over the respondent's objection.

Even in light of this new evidence, the Commission affirmed the arbitrator's decision and denied compensation, finding that "[p]etitioner's injuries did not arise out of and in the course of his employment but were the result of a union dispute."

The circuit court also found, after reviewing all the evidence, that the Commission's findings of fact and conclusions of law were not contrary to the manifest weight of the evidence and thus confirmed the decision of the Commission.

On appeal before this court there are two issues: (1) whether the petitioner's testimony regarding his conversation with the union president was hearsay and therefore improperly admitted, and (2) whether the Commission's finding that the petitioner's injuries did not arise

out of and in the course of his employment because they were the result of a union dispute is against the manifest weight of the evidence.

The respondent asserts that the petitioner's testimony before the Commission regarding his conversation with McDonald was hearsay in its purest form and should not have been admitted. In support of its assertion the respondent argues that the primary purpose of offering the petitioner's testimony was to identify the reason why McDonald assaulted the petitioner. Thus, respondent contends, it was an out-of-court statement being offered to prove the truth of the matter asserted (that McDonald assaulted petitioner because he caused an audit of the union books).

In response, the petitioner asserts that the testimony was not hearsay because it was offered merely to show the state of mind of McDonald and not to prove the truth of the matter asserted.

"A statement expressing the declarant's then existing state of mind *** is admissible as a hearsay exception." (E. Cleary & M. Graham, Evidence sec. 803.4, at 428 (3d ed. 1979).) In this case the petitioner testified as to what McDonald said to him. Because of the result we reach here it is unnecessary to resolve this issue. Even if this testimony were admissible it would not affect the result.

We turn now to the issue of whether the Commission's finding that the petitioner's injury did not arise out of and in the course of his employment is against the manifest weight of the evidence. In a case like the instant one, the petitioner bears the evidentiary burden of establishing that his injury "arose out of" *and* "in the course of" his employment. (*Wise v. Industrial Com.* (1973), 54 Ill. 2d 138, 142.) If an injury occurs during working hours, at a place where an employee can reasonably be expected to be in the performance of his duties and while he is performing those duties or some-

thing incidental thereto, the injury is said to have occurred in the course of his employment. (*Segler v. Industrial Com.* (1980), 81 Ill. 2d 125, 128.) Since the assault in question in this case took place during working hours, on the employer's premises, while the petitioner was going to speak with a union representative regarding a disagreement he had had with a company supervisor, there seems to be no dispute between the parties that the injury occurred in the course of petitioner's employment. What is disputed, however, is whether petitioner has met his burden of establishing that the injury inflicted by McDonald "arose out of" his employment as a jeep driver for Johnson Outboards.

In order to establish that an injury arose out of one's employment, a claimant must make a "showing that the injury resulted from some hazard or risk inherent in the employment situation; *i.e.*, there must be a causal connection between the nature of the employment and the resulting injury." (*Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561, 563; *Belden Hotel Co. v. Industrial Com.* (1970), 44 Ill. 2d 253; *Illinois Country Club, Inc. v. Industrial Com.* (1944), 387 Ill. 484.) "If the injury results from a hazard to which the employee would have been equally exposed apart from the employment, then it does not arise out of it." *Greene v. Industrial Com.* (1981), 87 Ill. 2d 1, 4, citing *State House Inn v. Industrial Com.* (1965), 32 Ill. 2d 160.

The issue of compensability for injuries resulting from assaults has arisen on numerous occasions before this court. (*E.g., Health & Hospitals Governing Com. v. Industrial Com.* (1975), 62 Ill. 2d 28; *Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561.) In these cases, this court has consistently held that injuries suffered by employees resulting from assaults were not compensable if there was evidence to sustain a finding by the Industrial Commission that the motive was personal to the victim

rather than work related or if claimant could not demonstrate a reason for the assault. See *Rodriguez v. Industrial Com.* (1983), 95 Ill. 2d 166, 171; *Greene v. Industrial Com.* (1981), 87 Ill. 2d 1; *Laboy v. Industrial Com.* (1978), 74 Ill. 2d 18; *Thurber v. Industrial Com.* (1971), 49 Ill. 2d 561; *American Brake Shoe Co. v. Industrial Com.* (1960), 20 Ill. 2d 132; *Math Igler's Casino, Inc. v. Industrial Com.* (1946), 394 Ill. 330; *Chicago Hardware Foundry Co. v. Industrial Com.* (1946), 393 Ill. 294.

In the instant case, the Commission denied compensation because it found that petitioner's injuries were "the result of a union dispute." While we believe that simply because an assault results from a union dispute does not necessarily preclude recovery, the Commission here apparently determined that the assault in this case was not work related.

The record in this case does not indicate the role the union had in relation to Johnson Outboards. The petitioner testified that he was a member of the union, but it is unclear whether he was actually required to join the union as a condition of his employment with Johnson Outboards. We do know that the trailer in which the union office was housed was located on the company's premises and that Kenny McDonald's salary is paid by the union and Johnson Outboards.

Petitioner asserts in his reply brief that the risk of injury from an assault due to disputes within the union is a risk which is incidental to his employment with the company because if he were not employed by the company he would not be in the union and would not be exposed to injuries resulting from union disputes. Therefore, he contends that his injury, which resulted from a union dispute, was due to a risk that he was subjected to as a condition of his employment and not a risk to which the general public would be subjected.

The respondent acknowledges in its brief that various

State courts have granted compensation for injuries arising out of union disputes. However, respondent asserts that compensation was awarded in those cases only because the union itself or the union activity which caused the injury was shown to be of some benefit to the employer or in the furtherance of the interests of the employer. Our research failed to disclose a case in Illinois which holds that because an injury resulted from a union dispute it is not compensable. As the petitioner points out, there are cases in other jurisdictions, however, in which compensation has been allowed for injuries which resulted from union disputes. However, in those cases there was sufficient evidence to demonstrate that some benefits accrued to the company as a result of the union's presence. See *Repco Products Corp. v. Workmen's Compensation Appeal Board* (1977), 32 Pa. Commw. 554, 379 A.2d 1089; *Salierno v. Micro Stamping Co.* (1975), 136 N.J. Super. 172, 345 A.2d 342.

Since the petitioner had the evidentiary burden of establishing that his injury arose out of and in the course of his employment and he did not provide sufficient evidence to establish the role of the union in this case, we believe that he has failed to meet his burden of establishing that his injury "arose out of" his employment.

It is a well-established rule that as a reviewing court, although we might have drawn different inferences from the evidence in the record, we will not set aside an Industrial Commission finding unless it is against the manifest weight of the evidence. (*Millis v. Industrial Com.* (1982), 89 Ill. 2d 244.) In this case the Commission could have reasonably inferred that the assault did not arise out of the petitioner's employment. Therefore, we cannot say that the Commission's decision denying the petitioner compensation is against the manifest weight of the evidence.

For the foregoing reasons, we affirm the judgment of

the circuit court.

*Judgment affirmed.*

JUSTICE MORAN concurs in the judgment.