GRAPHIC GROUP & KLW, INC., Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Mark Londinski, Appellee).

First District (Industrial Commission Division)   No. 1—87—1235WC

Opinion filed March 2, 1988.—Rehearing denied May 16, 1988.

Sweeney & Riman, Ltd., of Chicago, for appellant.

Leonard L. Leon, of Chicago, for appellee.

JUSTICE CALVO delivered the opinion of the court:

Claimant, Mark Londinski, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*), alleging that William Dorsch and Graphic Group were financially responsible for a broken leg he sustained while employed as a painter. After reviewing evidence, an arbitrator awarded claimant $133.33 per week for 130 weeks of temporary total disability (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(b)), and $18,000 in reasonable and necessary medical expenses (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(a)). The arbitrator further found that Graphic Group was a statutory employer under section 1(a)(3) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1(a)(3)), thereby making it liable for the payment of benefits. On review, the Industrial Commission affirmed the arbitrator. The circuit court confirmed the Industrial Commission determination. Graphic Group appeals. The facts are as follows.

In early October 1981 William Dorsch, an individual engaged in carpentry, drywall, and painting, was employed by Graphic Group, a partnership whose business was graphic design, to paint and plaster their office on the 32nd floor of an office building located in Chicago, Illinois. It is not indicated whether Graphic Group owned or leased this office space, or even if they were going to use it themselves. The agreed price for the painting portion of the job was $1,200. On October 6, 1981, Dorsch employed claimant and two other men to paint on this project for one day only, commencing at 10:30 that night. Dorsch testified that he agreed to pay these men $5 per hour. At approximately 4:30 a.m. on October 7, 1981, while working at the Graphic Group office, claimant sustained fractures to his lower left leg during an altercation with Dorsch.

Claimant testified that while he was working he kicked over a can of paint, which Dorsch instructed him to clean up. Claimant testified that Dorsch was not satisfied with claimant's cleanup job and told claimant to leave. Claimant refused to leave without payment for the work he had done, which made Dorsch angry. Dorsch then grabbed claimant, criss-crossed his legs around claimant's left leg, and forced all of his weight down upon it. At this point claimant testified that he felt unbelievable pain. Claimant admitted that while on the job he drank six or eight beers.

Dorsch testified that he became angry with claimant because he

was a poor painter and because he did not clean up the paint he spilled. Dorsch testified that after he cleaned up the spilled paint, he told claimant to help the others. Claimant refused, so Dorsch told him to leave. Claimant then demanded payment. Dorsch refused because he only had $30 on his person at the time. Claimant then shoved Dorsch and Dorsch shoved back, knocking claimant to the floor. Dorsch then picked claimant off the ground and "shook him like a rag doll because he is so small, and I'm quite a bit bigger." Dorsch did not carry workers' compensation insurance and testified at the time of the arbitration hearing that he was unemployed.

David Leon testified that he observed the entire altercation between Dorsch and claimant. Leon testified that claimant's attempt to clean up the spilled paint did not meet with Dorsch's approval, so Dorsch told claimant to leave. Claimant refused to leave until he was paid and Dorsch refused to pay. Claimant's repeated insistence on payment prompted Dorsch to grab claimant, throw him to the ground, and hold him there. After claimant stated that he thought his leg was broken, Leon called an ambulance. Leon stated that claimant did not strike Dorsch during this altercation.

Graphic Group raises two issues on appeal: (1) that claimant's injuries were caused by claimant's intoxication and were therefore not compensable; and (2) that Graphic Group cannot be held responsible for claimant's injuries because it was not engaged in the business of maintaining a structure.

■ If an injury occurs during working hours, at a place where an employee can reasonably be expected to be in the performance of his duties and while he is performing those duties or something incidental thereto, the injury is said to have occurred in the course of employment. (*Schultheis v. Industrial Comm'n* (1983), 96 Ill. 2d 340, 345-46, 449 N.E.2d 1341, 1343.) In the instant case claimant was at the work site at the time Dorsch assaulted him. Although at the time of the assault claimant's employment had been terminated by Dorsch, claimant's act of demanding payment immediately after his termination for services rendered was an act incidental to his employment. Consequently, the evidence supports a finding that the injury occurred in the course of employment.

■ In order to prove that an assault by a co-employee (while Dorsch was claimant's employer, this makes no difference in the analysis) arose out of one's employment, it must be shown that the motive for the attack was work related rather than personal. (See 96 Ill. 2d at 346-47, 449 N.E.2d at 1344.) However, injuries sustained by an aggressor which are traceable to his own solitary acts are not within the

scope of employment and are not compensable. (*Ford Motor Co. v. Industrial Comm'n* (1980), 78 Ill. 2d 260, 263, 399 N.E.2d 1280, 1282.) In the instant case there was sufficient evidence to support a finding that Dorsch assaulted claimant over what Dorsch perceived to be poor work performance. Moreover, the evidence indicates that claimant was not the aggressor. Consequently, the evidence supports a finding that the injury arose out of the employment.

■ In order for compensation to be denied on the basis that an employee was intoxicated, the employee must be so intoxicated, as shown by the evidence, that the court can say, as a matter of law, that the injury arose out of his drunken condition and not out of his employment. (*District 141, International Association of Machinists & Aerospace Workers v. Industrial Comm'n* (1980), 79 Ill. 2d 544, 557, 404 N.E.2d 787, 792.) Although the instant claimant drank several beers prior to the altercation, the cause of claimant's injuries was Dorsch's assault, not claimant's drunkenness. Thus, claimant's intoxication did not as a matter of law cause claimant's injuries. We therefore conclude that claimant's injury is compensable.

Sections 1 and 3 of the Act provide in pertinent part:

"Any one engaging in any business or enterprise referred to in subsections 1 and 2 of Section 3 of this Act who undertakes to do any work enumerated therein, is liable to pay compensation to his own immediate employees in accordance with the provisions of this Act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he is liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor has insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation ***." (Ill. Rev. Stat. 1981, ch. 48, par. 138.1(a)(3).)

The provisions of this Act hereinafter following shall apply automatically and without election to *** all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:

1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure ***." Ill. Rev. Stat. 1981, ch. 48, par. 138.3.

■ In the instant case Graphic Group engaged Dorsch to paint and plaster its office. Dorsch, in turn, hired claimant to help paint

Graphic Group's office. Although there is no evidence that Graphic Group owned the premises, this is not determinative of whether the offices were a capital asset of the business. As Graphic Group states, "[T]he issue is not whether the use of the structure contributes revenue to the business; rather, the question is whether the structure is integral to the generation of revenue." (See *Fefferman v. Industrial Comm'n* (1978), 71 Ill. 2d 325, 330, 375 N.E.2d 1277, 1279.) Since it could be inferred that Graphic Group's office centralized and made more efficient the operation of its business, the Commission properly found that the "offices indirectly contributed to the revenue received from the business." (See 71 Ill. 2d at 330, 375 N.E.2d at 1279.) Thus, Graphic Group was maintaining a "structure" within the meaning of the "statutory employer" provisions of the Act. (Ill. Rev. Stat. 1981, ch. 48, pars. 138.1(a)(3), 138.3.) Since Dorsch was destitute and did not carry workers' compensation insurance, Graphic Group was properly found to be a statutory employer. The circuit court's judgment confirming the Industrial Commission's determination that Graphic Group is liable for the payment of compensation must therefore be affirmed.

Affirmed.

BARRY, P.J., and McCULLOUGH, McNAMARA, and WOODWARD, JJ., concur.