The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs and oral argument on appeal. The appealing party has not shown good ground to reconsider the evidence, to receive further evidence or to amend the prior Opinion and Award, which is therefore Affirmed.
In this matter, the parties were given fifteen days from the filing date of Deputy Commissioner Berger's Interlocutory Opinion and Award on 8 February 1996 within which to submit additional stipulated medical records and/or to notify Deputy Commissioner Berger that the parties were going to take medical depositions. Neither party submitted additional medical records after that date or so notified the Deputy Commissioner.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties prior to the hearing on 1 September 1995 in a Pre-Trial Agreement, which is incorporated herein by reference, and at the hearing as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Subsequent to the hearing, the parties submitted stipulated medical records identified in the Pre-Trial Agreement. These documents were marked as follows and received into evidence:
 a. Emergency room record marked as stipulated exhibit [1] (one Page);
 b. A copy of "Instructions to all Patients" marked as stipulated exhibit [2] (one page);
 c. Letter of Betsy English, M.D. addressed to Asheville Head, Neck and Ear Surgeons, P.A. marked as stipulated exhibit [3] (one page);
 d. Letter of Betsy English, M.D. addressed to "To Whom It May Concern" Marked as stipulated exhibit [4] (one page);
 e. Medical records from Asheville Head, Neck and Ear Surgeons, P.A. marked as stipulated exhibit [5] (three pages).
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff had been employed by the defendant-employer as a sewing person.
2. On October 7, 1993, plaintiff had clocked out and was eating in the defendant-employer's cafeteria when coworker, Rebecca Meadows, asked the plaintiff to step outside of the cafeteria. Plaintiff made no inquiry as to why Rebecca Meadows wanted plaintiff to step outside. Plaintiff went outside as requested by Rebecca Meadows. While in the parking area on defendant-employer's property, Rebecca Meadows assaulted and injured plaintiff because she believed the plaintiff had called her mother a liar.
3. Plaintiff worked independently at a sewing machine.
4. Plaintiff did not perform her job with Faye Meadows or Rebecca Meadows.
5. Plaintiff's work station was not close to the work area where Rebecca Meadows worked.
6. There had been no prior conflict between plaintiff and Rebecca Meadows prior to 7 October 1993.
7. Rebecca Meadows assaulted plaintiff for personal reasons.
* * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The assault on plaintiff did not have its origin in a risk connected with her employment with defendant-employer. Plaintiff did not sustain an injury by accident arising out of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6)
Other states may have treated this case differently. While there is no case directly on point (rumors circulating through the workplace causing an attack), the following cases finding compensability are close: Triad Painting Co. v. Blair, 812 P.2d 638
(Colo. 1991), where an altercation broke out on the job site during working hours with an exchange of words about overtime;Welch's Laundry Cleaners v. Clark, 38 Ark. App. 223, 832 S.W.2d 283
(1992), where a fight broke out at work over a coworker's anger over claimant's failure to return to work after lunch the previous afternoon, thus increasing the co-worker's workload;Village of Winetka v. Industrial Commission, 250 Ill. App.3d 240,621 N.E.2d 150 (1993), where a worker was assaulted by his co-worker who was angry because the claimant was late for work, causing the other members of the garbage crew to be late in starting their route; and Privatera v. Yellow Cab Co.,551 N.Y.S.2d 419 (App.Div. 1990), where claimant was accosted by a co-worker angered by language the co-worker had used in the presence of two women.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must be under the law, and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ __________________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ________________________________ BERNADINE S. BALLANCE COMMISSIONER