THOMAS POTENZO, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Jewel Food Stores, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—07—0077WC

Opinion filed December 18, 2007.—Rehearing denied January 15, 2008.

Edward L. Osowski, of Chicago, for appellant.

Hennessy & Roach, P.C., of Chicago (James P. Roach, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The claimant, Thomas Potenzo, appeals from a judgment of the

circuit court which confirmed a decision of the Illinois Workers' Compensation Commission (Commission), denying his claim for benefits brought pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)). For the reason that follows, we reverse the judgment of the circuit court and remand this cause to the Commission for further proceedings.

The facts of this case are not in dispute. The claimant has been employed by Jewel Food Stores (Jewel) as a truck driver since 1991. On February 27, 1995, the claimant attempted to make a delivery to the Jewel store located at 4355 N. Sheridan Road in Chicago. The loading dock for that store is located in the rear in an alleyway between the store building and a condominium structure. The alleyway has gates at both ends which are controlled by the condominium building. The loading dock is equipped with two hydraulic lifts which are used in the process of unloading trucks making deliveries to the Jewel store.

After waiting for another Jewel driver to unload his truck, the plaintiff backed his truck up to one of the hydraulic lifts and began unloading. The claimant testified that he placed two pallets of goods on the hydraulic-lift platform and began to lower the device with a hand control when he felt someone grab his ankle. The claimant stated that, as he turned, he was hit in the back of the head, and he immediately lost consciousness. The next thing that the claimant remembers is waking up in a hospital two days later.

As a result of the incident, the claimant suffered a right front parietal skull fracture, a cerebral concussion, a compression fracture at L3, a right radial arm fracture, a nasal fracture, a facial fracture, a liver laceration, a contusion of the right kidney, a left wrist sprain, and damage to several teeth. The claimant was off work from February 28, 1995, through June 4, 2004. On June 5, 2005, he returned to work without restrictions.

The claimant does not know who attacked him or why. Nothing was found to be missing from the trailer that the claimant was unloading, and neither the truck he was driving nor the trailer was damaged. However, after he regained consciousness, the claimant was unable to locate his wedding ring or his watch. On cross-examination, the claimant admitted that he has no way of knowing if the items were taken by his assailant.

The claimant testified that, when making deliveries prior to his injury, he had seen vagrants crawling out of Dumpsters and rummaging through garbage in the alley behind the Jewel store where he was attacked. According to the claimant, he heard two to three security announcements come over the store's loudspeaker each time he was

making a delivery in that alley. The claimant also testified that, in the 10 years prior to his injury, he had seen the victim of a stabbing, witnessed a theft from a truck, and observed "a lot of police activity" in the neighborhood surrounding the Jewel store where he was attacked. Although the claimant stated that "several of us" complained "on and off" about a security problem in the dock area where his attack took place, the claimant had no specific recollection of having made such a complaint prior to February 27, 1995.

The claimant described the hydraulic-lift platform he was using at the time of his injury and stated that it was not equipped with safety rails. When asked whether he would have been holding on to the safety rails when he was attacked had they been present, the arbitrator sustained Jewel's objection, concluding that the question called for the claimant to speculate. Thereafter, the claimant was allowed to make an offer of proof and testify that, if safety rails had been present on the hydraulic lift when the assailant grabbed his ankle, he would have grabbed the rail and prevented himself from falling.

In its case-in-chief, Jewel introduced into evidence the depositions of Deborah Roeder, the property manager of the condominium building which borders the alley where the claimant was attacked; Thomas Moran, a co-general partner in the entity that developed the condominium building; George Redfearn, Jewel's vice president for real estate; and Michael Terleski, one of Jewel's fleet maintenance supervisors. Each of these witnesses testified to their knowledge or opinion as to the lack of violence, criminal activity, or security problems in the area where the claimant was attacked. Roeder testified that she reviewed the condominium's records and, other than the incident involving the claimant, she found no reference to any other incidents occurring in the alleyway. She also stated that she was not personally aware of any other incidents involving an altercation or attack in the alleyway. Moran testified that the only incident of violence in the alleyway that was brought to his attention was the attack on the claimant. Redfearn stated that he was unaware of any security problems at the store where the claimant was injured. Terleski testified that, although he had been at the store where the claimant was injured to investigate broken or damaged equipment, he had never been sent to that store to investigate any type of an altercation or vandalism. According to Terleski, he was unaware of any violent acts behind the Jewel store at 4355 N. Sheridan Road prior to February 27, 1995.

Following a hearing, the arbitrator issued a decision in which he found that the claimant failed to prove that the injuries he sustained on February 27, 1995, arose out of his employment with Jewel, and, as

a consequence, the arbitrator denied the claimant benefits under the Act. In addition, the arbitrator ordered the claimant to reimburse Jewel for all medical bills which it had paid on his behalf.

The claimant sought a review of the arbitrator's decision before the Commission. In a decision with one commissioner dissenting, the Commission vacated that portion of the arbitrator's decision which required the claimant to reimburse Jewel for medical bills and affirmed and adopted the arbitrator's decision in all other respects.

The claimant sought judicial review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision, and this appeal followed.

For his first assignment of error, the claimant argues that the Commission's finding that he failed to prove that his injuries arose out of his employment with Jewel is against the manifest weight of the evidence. In a related argument, he asserts that the Commission subjected him to an improper burden of proof.

■ An employee's injury is compensable under the Act only if it arises out of and in the course of the employment. 820 ILCS 305/2 (West 1994). Both elements must be present at the time of the claimant's injury in order to justify compensation. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 131 Ill. 2d 478, 483, 546 N.E.2d 603 (1989).

Injuries sustained on an employer's premises, or at a place where the claimant might reasonably have been while performing his duties, and while a claimant is at work, are generally deemed to have been received in the course of the employment. *Caterpillar Tractor Co. v. Industrial Comm'n*, 129 Ill. 2d 52, 57, 541 N.E.2d 665 (1989); *Wise v. Industrial Comm'n*, 54 Ill. 2d 138, 142, 295 N.E.2d 459 (1973). In this case, there is no doubt that the claimant's injuries were sustained in the course of his employment. He was in the act of unloading a Jewel truck at a Jewel store when he was attacked. The issue is whether his injuries arose out of his employment.

■ Arising out of the employment refers to the origin or cause of the claimant's injury. "For an injury to 'arise out of' the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury." *Caterpillar Tractor Co.*, 129 Ill. 2d at 58. There are three types of risks which an employee might be exposed to, namely: (1) risks distinctly associated with the employment; (2) risks which are personal to the employee; and (3) "neutral risks which have no particular employment or personal characteristics." *Illinois Institute of Technology Research Institute v. Industrial Comm'n*, 314 Ill. App. 3d 149, 162, 731 N.E.2d 795 (2000).

In this case, the claimant was injured when he was attacked as he unloaded his truck. The risk of such an event is neither distinctly associated with his employment, nor is it personal to him. The risk of the claimant being injured as a result of a physical attack is neutral in nature.

Jewel contends that the risk of assault is a "street risk" which is compensable under the Act only if the employee was exposed to the risk to a greater degree than the general public. *Illinois Institute of Technology Research Institute*, 314 Ill. App. 3d at 163. The increased risk may be either qualitative, such as some aspect of the employment which contributes to the risk, or quantitative, such as when the employee is exposed to a common risk more frequently than the general public. *Illinois Consolidated Telephone Co. v. Industrial Comm'n*, 314 Ill. App. 3d 347, 353, 732 N.E.2d 49 (2000) (Rakowski, J., specially concurring). Jewel argues that it is not enough for the claimant to establish that his employment duties required him to be at the dock area where he was assaulted, as Illinois has rejected the positional risk doctrine. See *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 548-50, 578 N.E.2d 921 (1991). According to Jewel, the claimant was required to demonstrate that the risk of the injury which he sustained was peculiar to his employment or that the risk was increased as a consequence of his work. *Brady*, 143 Ill. 2d at 550. Jewel asserts that the claimant did not, and cannot, show that his assault arose out of anything related to his employment. It argues that he failed to carry his burden of establishing that, when assaulted on February 27, 1995, he was exposed to a greater danger than the general public, and as a consequence, failed to establish that his injuries arose out of his employment.

The claimant argues that, as a traveling employee, his duties exposed him to the "hazard of street injuries," and, as such, the injuries which he suffered when assaulted arose out of his employment. He contends that his employment "caused him to incur the special risk of contact with street crime and violence" and, as a consequence, he was not required to establish that the risk of being attacked was peculiar to his employment, only that his employment exposed him to the same risk as the general public. See *C.A. Dunham Co. v. Industrial Comm'n*, 16 Ill. 2d 102, 112, 156 N.E.2d 560 (1959). Based on this analysis, the claimant concludes that the Commission held him to an incorrect burden of proof relating to the question of whether his injuries arose out of his employment. He also argues that, because the evidence established that he was a traveling employee who was injured as a result of a street risk, the Commission's finding that he failed to prove that his injuries arose out of his employment is against the manifest weight of the evidence.

Based upon the evidence of record, it is clear the claimant did not, and cannot, establish the reason he was attacked. No doubt, there was conflicting evidence on the issue of whether the place where the claimant was working at the time he was attacked increased his risk of harm. However, it was the Commission's function to judge the credibility of the witnesses and resolve conflicting evidence. See *O'Dette v. Industrial Comm'n*, 79 Ill. 2d 249, 253, 403 N.E.2d 221 (1980). We cannot say based on the evidence of record that the Commission's determination that the claimant failed to establish that the area in which he was working when attacked was located in a high crime area or a dangerous neighborhood is against the manifest weight of the evidence. The question remains, however, whether the Commission's finding that the claimant failed to prove that his injuries arose out of his employment is against the manifest weight of the evidence.

In support of the Commission's denial of benefits in this case, Jewel relies upon the supreme court's decision in *Schultheis v. Industrial Comm'n*, 96 Ill. 2d 340, 449 N.E.2d 1341 (1983), which holds that injuries suffered by employees resulting from assaults are not compensable under the Act if the claimant cannot demonstrate a reason for the assault. *Schultheis*, 96 Ill. 2d at 346-47. However, in *Schultheis*, the supreme court analyzed the "arising out of" component of a claim under the Act in the context of an assault upon an employee in a union office, not in the context of a traveling employee assaulted as he worked in an area which was accessible to members of the public. *Schultheis*, 96 Ill. 2d at 342.

In *Greene v. Industrial Comm'n*, 87 Ill. 2d 1, 428 N.E.2d 476 (1981), the supreme court held that, in assault cases, the injured employee has the burden of showing that the assault was work related in order to be entitled to benefits under the Act. *Greene*, 87 Ill. 2d at 5. Injuries sustained by an employee resulting from his exposure to a neutral risk such as an assault arise out of his employment if the employee was exposed to the risk to a greater degree than members of the general public. *Illinois Institute of Technology Research Institute*, 314 Ill. App. 3d at 163; *Springfield School District No. 186 v. Industrial Comm'n*, 293 Ill. App. 3d 226, 229, 687 N.E.2d 334 (1997); see also *Brady*, 143 Ill. 2d at 550.

In *C.A. Dunham Co. v. Industrial Comm'n*, 16 Ill. 2d 102, 156 N.E.2d 560 (1959), the supreme court concluded that, "where the street becomes the milieu of the employee's work, he is exposed to all street hazards to a greater degree than the general public." (Emphasis omitted.) *C.A. Dunham Co.*, 16 Ill. 2d at 111. In such a case, "the unusualness or infrequency of the accident does not preclude it from arising out of the employment *** [and] no distinction has been made

as to whether the accident is due to mechanical failure, human negligence or felonious acts." *C.A. Dunham Co.*, 16 Ill. 2d at 112.

The claimant argues that, as a traveling employee, he was exposed to all street risks to a greater degree than the general public, and, as such, the injuries that he suffered on February 27, 1995, as a result of an assault arose out of his employment. He argues that the Commission's finding to the contrary is against the manifest weight of the evidence. We agree.

■ The undisputed evidence in this case establishes that the claimant was a traveling employee whose duties required him to travel the streets and unload a truck in areas accessible to the public. The risk of being assaulted, although one to which the general public is exposed, was a risk to which the claimant, by virtue of his employment, was exposed to a greater degree than the general public. See *C.A. Dunham Co.*, 16 Ill. 2d at 111. Unlike the circumstance present in *Greene v. Industrial Comm'n*, 87 Ill. 2d 1, 428 N.E.2d 476 (1981), there is no evidence in this case which would support an inference that the attack upon the claimant was based on a purely personal motive. Finally, it is undisputed that, when he was assaulted, the claimant was in the process of unloading his truck, an activity which was reasonably foreseeable by Jewel.

Whether the injury caused by a neutral risk arises out of the claimant's employment is a question of fact to be resolved by the Commission, and we will not disturb its determination unless it is against the manifest weight of the evidence. *Illinois Institute of Technology Research Institute*, 314 Ill. App. 3d at 164. Although we are reluctant to set aside the Commission's decision on a factual question, we will not hesitate to do so when, as in this case, the clearly evident, plain, and indisputable weight of the evidence compels an opposite conclusion. *Montgomery Elevator Co. v. Industrial Comm'n*, 244 Ill. App. 3d 563, 567, 613 N.E.2d 822 (1993).

Based upon the foregoing analysis, we conclude that the manifest weight of the evidence established that the injuries which the claimant sustained on February 27, 1995, arose out of and in the course of his employment with Jewel, and, as a consequence, he is entitled to benefits under the Act. Our resolution of this issue makes it unnecessary for us to address the other assignments of error asserted by the claimant.

For the reasons stated, we reverse the judgment of the circuit court which confirmed the decision of the Commission denying the

120

claimant benefits under the Act and remand this cause to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and GROMETER, HOLDRIDGE, and DONOVAN, JJ., concur.